U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 OCT 24 PM 3:17

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING SEVERALLY TO POLICY NO. WSH108007

Plaintiffs

v.

BERTON FRYE, VIRGINIA FRYE, and COMMUNITY NATIONAL BANK

Defendants

CIVIL ACTION NO. 5:14-cv-227

**COMPLAINT FOR DECLARATORY RELIEF**

Those Certain Underwriters at Lloyd's London Subscribing Severally to Policy No. WSH108007 ("Underwriters") ("Plaintiffs"), by and through their attorneys, hereby complain against Berton Frye, Virginia Frye (collectively, "the Fryes"), and Community National Bank ("CNB") as follows:

I. Nature of Action

1. This is an action pursuant to 28 U.S.C. §2201 for declaratory judgment in which Underwriters seek a declaration that they owe no insurance coverage to the Fryes, husband and wife, because of certain materially false statements the Fryes admit they made on their insurance application when procuring a policy of homeowners insurance from Underwriters. Underwriters also seek a declaration as to their obligations to the Fryes' mortgagee, CNB, in light of those false statements. Finally, in light of the substantial debts of record, Plaintiffs' seek a declaration as to whom any claim payment should be directed in the event coverage is owed to either the Fryes or CNB.

## II. Parties

2. The Underwriters subscribing to the Policy are individual foreign syndicates organized under the laws of the United Kingdom who write insurance as non-resident surplus lines insurers engaged in the insurance business in the State of Vermont.

3. Berton Frye is an individual residing in Danville, Vermont and is married to Virigina Frye.

4. Virginia Frye is an individual residing in Danville, Vermont and is married to Berton Frye.

5. CNB is the sole subsidiary of Community Bancorp., a Vermont corporation with a principal place of business in Newport, Vermont.

## III. Jurisdiction and Venue

6. This is an action under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 which seeks to determine the rights and obligations of the parties under an insurance policy.

7. Jurisdiction is proper under 28 U.S.C. §1332(c) because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and there is complete diversity of citizenship between Underwriters and all Defendants in this action.

8. Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the Policy was issued to a Vermont resident and the damage at issue occurred in Vermont.

## IV. Factual Allegations

9. The Fryes own improved real property located at 1076 Oneida Road, Danville, Vermont (the "Property").

10. The Fryes have numerous liens on the Property dating back to 2003, including federal and state tax liens.

11. The Property is secured by a first mortgage loan from CNB.

12. On or about October 26, 2011 CNB filed for foreclosure against the Property. A true and accurate copy of the foreclosure complaint is attached hereto as Exhibit A.

13. On or about October 8, 2012 a judgment of foreclosure was entered. A true and accurate copy of the foreclosure judgment is attached hereto as Exhibit B.

14. In and around April 2013 CNB obtained a writ of possession and certificate of non-redemption. A true and accurate copy of the writ of possession and certificate of non-redemption are attached hereto as Exhibit C.

15. On or around May 29, 2013, Berton Frye filed for Chapter 13 bankruptcy. The bankruptcy was assigned Docket No. 13-10381 CAB.

16. On or around August 30, 2013, Virginia Frye filed for Chapter 13 bankruptcy. The bankruptcy was assigned Docket No. 13-10602 CAB.

17. Both bankruptcies were dismissed by Order dated October 20, 2014 for reasons set forth therein. A true and accurate copy of that Order is attached hereto as Exhibit D.

18. In or around January 2014, and during the pendency of the bankruptcy proceedings, Berton Frye submitted an insurance application for homeowner's insurance on the Property to the Fryes' insurance agent, Farm Country Insurance. A true and accurate copy of that application is attached hereto as Exhibit E.

19. The application stated that the applicant had not had a foreclosure, repossession, bankruptcy, or filed for bankruptcy during the past five years.

20. The application also stated that the applicant had not had a judgment or lien during the past five years.

21. The application further stated that no business was conducted on the premises.

22. The application stated that coverage for the Fryes had not been declined, cancelled or non-renewed during the last three years.

23. All the statements referenced in Paragraphs 19-22 were false and/or contained misrepresentations.

24. Underwriters did not know the truth about the statements made in the application and as noted in Paragraphs 19-22 above.

25. In reliance on the truth of those false statements, Underwriters issued the policy, Policy No. WSH108007 (the "Policy"), which was bound on or around January 8, 2014.

26. The Policy contains a Concealment or Fraud provision, which eliminates coverage if the insured makes false statements relating to the insurance.

27. On or around May 20, 2014, the Fryes suffered a loss at the Property due to a fire.

28. Following the fire, Underwriters investigated and adjusted the loss under a reservation of rights and determined that claim value to be $189,019.75 for the resident premises, net of deductible, and inclusive of debris removal.

29. In conjunction with Underwriters' investigation Underwriters took Mr. Frye's examination under oath.

30. During that examination, Mr. Frye acknowledged that certain statements made in the application and indicated above in Paragraphs 19-22 were false.

31. Following the examination under oath, Underwriters denied coverage for the Frye's claim because of the false statements relating to the insurance in the application.

**COUNT I: DECLARATION OF NO COVERAGE DUE TO CONCEALMENT OR FRAUD**
**As to the Fryes Only**

32. Plaintiffs repeat each of the foregoing allegations as if stated fully herein.

33. Plaintiffs contracted with the Fryes to, among other things, provide certain insurance coverage outlined in the Policy.

34. Plaintiffs fully performed their obligations under the Policy.

35. The Policy includes the following provision:

**SECTION I – CONDITIONS**

**Q. Concealment Or Fraud**

We do not provide coverage to the "insured" who, whether before or after a loss, has:

1. Intentionally concealed or misrepresented any material fact or circumstance;
2. Engaged in fraudulent conduct; or
3. Made false statements;

relating to this insurance.

36. The Fryes made false statements on the insurance application as referenced in Paragraphs 19-22 above.

37. Those false statements relate to the insurance.

38. Plaintiffs, therefore, seek a declaration they have no obligation to provide coverage for the fire loss.

**COUNT II: DECLARATION OF NO COVERAGE PURSUANT TO 8 V.S.A. § 4205**
**As to the Fryes Only**

39. Plaintiffs repeat each of the foregoing allegations as if stated fully herein.

40. 8 V.S.A § 4205 prohibits false statements in insurance applications and bars recovery if such statement was material affected the acceptance of the risk or the hazard assumed.

41. The Fryes made false statements in the Policy application referenced in Paragraphs 19-22.

42. The false statements materially affected the acceptance of the risk assumed by Plaintiffs because had the Plaintiffs known the statements in the application were false they would not have written the Policy.

43. Plaintiffs, therefore, seek a declaration they owe no coverage for the loss.

**COUNT III: DECLARATORY AS TO RIGHTS AND OBLIGATIONS TO MORTGAGEE**

44. Plaintiffs repeat each of the foregoing allegations as if stated fully herein.

45. The Fryes violated the Concealment or Fraud clause of the Policy and/or made material misrepresentations pursuant to 8 V.S.A. § 4205.

46. As a result, the Plaintiffs do not owe the Fryes coverage under the Policy.

47. The Policy contains a Mortgage Clause that states if a mortgagee is named in this policy, any loss payable under Coverage A or B of the Policy will be paid to the mortgagee and the insured. The clause further states that a denial of an insured's claim will not apply to a valid claim of the mortgagee provided certain conditions are satisfied.

48. Vermont law is silent on whether the union mortgage clause survives the misrepresentations, and as such, Plaintiffs seek a declaration as to whether they owe coverage to CNB or any other creditor for the fire loss at the Property.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the court find in their favor on all claims and issue the following:

1. A declaration that the Plaintiffs owe no coverage to the Fryes;

2. A declaration as to Plaintiffs' obligation, if any, to CNB;

3. If coverage must be afforded to CNB and/or the Fryes, a declaration stating to whom the Policy funds should be distributed in light of the liens and the creditors of record.

DATED at Burlington, Vermont, this 24TH day of October, 2014.

CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING SEVERALLY TO POLICY NO. WSH 108007

BY: PAUL FRANK + COLLINS P.C.

BY: ______________________________

Nolan Burkhouse, Esq.
PO Box 1307
Burlington, VT 05402-1307
Tel. No: (802) 658-2311
Fax No.: (802) 658-0042
nburkhouse@pfclaw.com

4923538_1:10001-00015